Curia, per
Nott, J.
This case is now submitted to this court, on the grounds which were urged in the court below. And although the bill has been dismissed by the chancellor, and this is a motion to reverse that decision, 1 shall begin with the arguments relied on by the defendants in opposition to that motion.
The principal ground relied on (to put it in the words of the decree) is that a suit at law should first have been brought to establish the demand. On that subject the rule, as laid down by Chancellor Kent in the case of Brinkerhoff v. Brown, 4 Johns. Cha. Rep. 676, as the settled rule in chancery, is that if a person wants relief touching the personal assets of his debtor, he must show that he has taken out execution at law, and pursued it to every available extent against the property before he can resort to equity for relief. It is not sufficient that he has established his demand. It is not sufficient even that he has obtained judgment and issued execution, but he must show that it cannot be enforced without the aid of the court of equity, before that court will afford relief, and the principle appears to be well sustained by the cases therein referred to. The court of equity cannot know by anticipation that an effort to obtain the debt at law will be ineffectual. And if such an allegation is to furnish a ground of equity *577 jurisdiction every creditor may go at once into the court of equity for relief. It is contended that the *want of administration gives jurisdiction to the court of equity. We have had occasion more than once to investigate that question. In the case of Farley v. Farley, in Columbia, 1 M’Cord’s Cha. Rep. 506, and the case of Gregorie v. Forrester during this sitting, the subject was fully examined. We then came to the conclusion, and for reasons perfectly satisfactory to my mind, that the want of administration was as good a ground of objection to entertaining a suit in equity as at law. If there is no executor, and no one will administer, the creditor may take the administration on himself. The ground upon which a bill may be maintained against a person in possession of the property is because by possessing himself of the property he becomes liable as executor in his own wrong; but the same intermeddling will make him equally liable in that character at law. If the defendants are not liable as executors, then they are not liable at all except to the executor or administrator. In the case of Humphreys v. Humphreys, 3 P. Wms. 349, Lord Chancellor Talbot ruled that even the next of kin, who was entitled to the administration, should not be permitted to prosecute his bill until he administered. And in the case of Elders v. Vauters, 4 Desaus. Rep. 155, the former court of appeals in equity held, that a purchaser who had been ten years in possession under a sale from the next of kin, and where it was admitted that there were no debts, should not retain the property against the administrator afterwards appointed. It is contended that the complainant is seeking for a discovery of the issue of the female slaves, and an account of their labor. But it will be recollected that this is not a bill for the specific property. The question is, whether the defendants are liable as executors, and for that purpose it is not necessary to inquire into the number or names of the slaves, nor the value of their labor. The judgment at law does *indeed show the amount of the devas-tavit committed by Singleton, but it does not show that the complainants have paid that much for him. And ‘if it did, it would not follow that his estate was still indebted to them to that amount. And if both those facts were admitted, it would still remain to be proved that their rights might not be enforced at law. It is not sufficient to show that the subject matter of the bill is within the equity jurisdiction ; it must appear that the complainant stands in relation to the defendant as will entitle him to the aid of that court for relief.
Suppose upon the return of the subpoena in this case the defendants had come into court and disclaimed any right to the property, and offered to deliver it up to any person who was entitled to receive it. The complainants could not have received it, for they have no right to the property, nor do they pretend to any. They have no execution against Singleton, and therefore could not have levied on it. They would then have been precisely in the situation they were in before the bill was filed, unless we are prepared to say that every creditor, ■when there is no administration, may go at once into the court of equity to recover his debt against any person in possession of the property. Without going into the merits of the case, therefore, I am of opinion that the bill was properly dismissed. But I am disposed to concur in opinion with the chancellor, that the complainants were *578 barred by the statute of limitations, though I have not looked so minutely into the circumstances of the case as to enable me to come to a definite opinion on that question. It appears to me that it is no answer to the plea, that there was no administration, when the only ground on which the bill can be sustained is that the defendants are executors. If the complainants had administered, it might then have become a question whether they would have been barred by the wrongful possession* of the defendants. On that question, however, I shall express no opinion at present, as I think, on the other ground, the motion must be refused.

Decree affirmed.